UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM I. DUCK,

        Plaintiff,

v.                                                Case No: 2:15-cv-67-FtM-38CM

MIKE SCOTT, Sheriff of Lee County, Florida, and U.S. BANK TRUST, N.A., as Trustee for LSF8 Master Participation Trust by Caliber Home Loan,

        Defendants.
_____/

## ORDER[1]

This matter is before the Court on *pro se* Plaintiff William I. Duck's Motion for Preliminary Injunction filed on February 4, 2015. (Doc. #1). Although labeled a preliminary injunction, Duck actually moves for a temporary restraining order to stay enforcement of an alias writ of possession issued by a Florida state court. (Id. at 1-3). As Duck is proceeding *pro se*, the Court will liberally construe his motion. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

While not entirely clear, it appears JP Morgan Chase Bank National Association brought a foreclosure action against Duck in Florida state court. (Id. at 1). In April 2014, the state court allegedly denied a motion to cancel the foreclosure sale of Duck's personal property. (Id. at 2, 4). Sometime thereafter, Duck's property was presumably sold in a foreclosure sale. According to Duck, the state court then issued an alias writ of possession, advising him that he was to be evicted on February 5, 2015. (Id. at 2).

In an effort to avoid eviction, Duck filed the instant Motion in the Court's overnight mailbox on February 4, 2015. Duck maintains that he "will suffer irreparable prejudice and loss of control of [his] personal property and has no other remedy in the ordinary course of the law and no harm or prejudice will results to [Defendants] if the Court grants the requested preliminary injunction." (Doc. #1 at 2).

To obtain a temporary restraining order, a party must demonstrate (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) the entry of the relief would serve the public interest. See Schiavo ex. rel Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b); see also M.D. Fla. Local Rule 4.05(a). *Ex parte* temporary restraining orders should be "entered only in emergency cases to maintain the status quo

until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. Local Rule 4.05(a). For the following reasons, the Court finds that Duck is not entitled to a temporary restraining order.

Duck's requested relief is moot. He was to be evicted on February 5, 2015, and the Court did not receive his instant motion until after that time. Moreover, because Duck neglected to include any contact information with his motion, the Court is unable to reach him in order to ascertain the status of his eviction.

But, even if this relief were not moot, Duck has failed to carry his burden as to the elements above. Most significantly, there is no showing that he was likely to succeed on the merits in the underlying suit. Duck's motion is comprised almost exclusively of conclusory statements, which is plainly insufficient. Moreover, Duck failed to identify the underlying state court case, making any independent review impossible.

The problems do not stop there. Duck also failed to certify that efforts were taken to give notice to Defendants (or that notice should not be provided), and that the absence of such notice may directly interfere and impact the underlying state court proceedings regarding Duck's foreclosed property. The Court will not issue a temporary restraining order without the required certification.

Furthermore, insofar as Duck asks this Court to review the Florida state court's alias writ of possession and/or foreclosure judgment, this Court lacks the authority to do so under the Rooker-Feldman doctrine. See McKinnon v. Wells Fargo Bank, N.A., No. 6:10-cv-325, 2010 WL 731801, at *1 (M.D. Fla. Mar. 1, 2010) (abstaining from exercising jurisdiction under the Rocker-Feldman doctrine where the plaintiff moved for a temporary

3

restraining on the basis that his real property was improperly foreclosed upon).  "The Rooker-Feldman doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Even the most generous reading of Duck's Motion provides no basis for this Court to interfere with the state court's decision.

And finally, even setting aside the forgoing, there are glaring procedural deficiencies fatal to this case.  Duck did not file a complaint or any other initial pleading along with his motion.  Similarly, he neither paid the filing fee nor submitted an Affidavit of Indigency or other application to proceed *in forma papueris*.  See 28 U.S.C. § 1915; M.D. Fla. Local Rules 4.07 & 1.03.

Accordingly, it is now

**ORDERED:**

(1) Petitioner William I. Duck's Motion for Preliminary Injunction (Doc. #1) is **DENIED**.

(2) Since Duck seeks for this Court to interfere with or review state court proceedings, this case is **DISMISSED without prejudice**.

(3) The Clerk of Court is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 12th day of February, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record